**Suliman D. AEID, Petitioner–Appellee,**

v.

**Floyd G. BENNETT, Superintendent, Respondent–Appellant.**

**Docket No. 02–2089.**

United States Court of Appeals, Second Circuit.

Argued: June 11, 2002.

Decided: July 08, 2002.

Eric A. Johnson (Peter H. Schiff, Senior Counsel, on the brief; Eliot Spitzer, Attorney General of the State of New York, of counsel; Daniel Smirlock, Deputy Solicitor General, of counsel), Office of the Attorney General of the State of New York, Albany, NY, for Petitioner–Appellee.

Lisa A. Peebles, Assistant Federal Public Defender (Alexander Bunin, Federal

Public Defender, of counsel), Syracuse, NY, for Respondent–Appellant.

Before WALKER, Chief Judge, MINER and CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

The prosecution timely appeals from a judgment entered on January 3, 2002, granting Aeid's application for a writ of habeas corpus based on Aeid's claim of ineffective assistance of counsel during plea bargaining.[1]

Before the District Court, Aeid claimed that he received ineffective assistance of counsel by virtue of his assigned counsel's failure accurately to inform Aeid of his sentencing exposure if Aeid were convicted of the crimes with which he was charged. *Aeid v. Bennett,* 178 F.Supp.2d 186, 189, 191 (N.D.N.Y.2002). Aeid argued that, on March 15, 1996 before the County Court of Onondaga County, New York, he rejected the prosecution's plea offer of 5 to 15 years of imprisonment in exchange for a plea of guilty to first-degree sodomy because his attorney erroneously informed him that, if convicted after trial, Aeid faced a maximum term of imprisonment of 25 years, which would require Aeid to serve a mini-

mum of 8⅓ years—in other words, one-third of his sentence—before becoming eligible for parole under New York law. *Id.;* U.S. Dist. Ct. Habeas Hr'g Tr. at 9–11. In actuality, however, under the New York sentencing statute in effect at that time, Aeid would be required to serve a minimum of 12½ years in prison on a 25–year sentence—that is, one-half of his maximum sentence—before becoming eligible for parole. *See Aeid,* 178 F.Supp.2d at 189, 191; N.Y. Penal Law § 70.02(4) (McKinney 1998).[2] Aeid argued that he would have accepted the plea offer had he known that his actual sentence exposure was 12½ to 25 years rather than 8⅓ to 25 years. *Aeid,* 178 F.Supp.2d at 190, 191.

In a January 3, 2002 Memorandum–Decision and Order, the District Court granted Aeid's application for a writ of habeas corpus. *Id.* at 188, 197–98; *see also ante* note 1. The District Court granted Aeid's application based on Aeid's claim of ineffective assistance of counsel during plea bargaining. *Id.* After holding that the representation provided by Aeid's counsel was objectively deficient under the first prong of the standard for assessing Sixth Amendment ineffective assistance of counsel claims established in *Strickland v.*

---

**1.** In his application for a writ of habeas corpus, Aeid alleged that (1) the trial court failed to charge the jury on a lesser included offense; (2) he was denied the effective assistance of counsel; and (3) the prosecutor improperly submitted documents to the trial court ex parte. Pet. Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus at 3–4; *see also Aeid v. Bennett,* 178 F.Supp.2d 186, 187–88 (N.D.N.Y.2002). There were three components to Aeid's ineffective assistance of counsel claim: (a) counsel threatened Aeid; (b) counsel failed to call an expert witness; and (c) at the plea bargaining stage, defense counsel gave Aeid erroneous advice regarding the term of incarceration faced if convicted on the indicted charges, which Aeid relied upon when rejecting the prosecution's plea offer. Pet. Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus at 3 (reverse side); *see also*

*Aeid,* 178 F.Supp.2d at 187 n. 2. With the exception of Aeid's ineffective assistance of counsel claim at the plea bargaining stage, the District Court denied Aeid's other claims. *Id.* at 188, 197–98.

**2.** Section 70.02(4) of the New York Penal Law in effect in 1996, at the time that Aeid rejected the plea offer extended to him by the prosecution, provided:

> 4. Minimum period of imprisonment. The minimum period of imprisonment under an indeterminate sentence for a violent felony offense must be fixed by the court at one-half of the maximum term imposed and must be specified in the sentence.

*See* N.Y. Penal Law § 70.02(4) (McKinney 1998).

*Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the District Court held that Aeid had demonstrated, as required by the second prong of *Strickland,* reasonable probability that counsel's deficient performance prejudiced Aeid. *Aeid,* 178 F.Supp.2d at 191–95, 195–96. Relying upon evidence produced at an evidentiary hearing conducted before Magistrate Judge David R. Homer, the District Court held that Aeid had "demonstrated prejudice in that he would have accepted the plea offer of five to fifteen years but for the erroneous advice of Counsel." *Id.* at 196.

On appeal, the prosecution argues that the District Court failed to apply the deferential framework of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for reviewing state court decisions, which requires a district court on habeas review to determine whether those state court decisions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1). Appellant's Br. at 18–19, 19–32. Instead, the prosecution asserts, the District Court erroneously decided that the state courts' decisions were simply wrong. However, the prosecution argues, the state courts' decisions were not wrong or even unreasonable in light of Aeid's failure "to demonstrate that he was prejudiced by [his] attorney's mistaken advice about sentences." *Id.* at 19. Rather, Aeid merely asserted that he would have accepted the prosecution's plea offer of a 5–to–15 year prison sentence, despite the fact that this sentence has been exposed as an illegal one. The prosecution argues that Aeid has failed to show prejudice, since he has never claimed or shown (1) that the prosecutor would have offered a different, legal plea bargain—such as 7½ to 15 years of imprisonment—if the prosecutor had been

aware of the effect of the revised sentencing statute, and (2) that Aeid would have accepted such a plea.

In addition, the prosecution argues that, under AEDPA, the District Court should not have conducted an evidentiary hearing where Aeid "failed to develop the factual basis of [his] claim in State court proceedings." Appellant's Br. at 18–19 (quoting 28 U.S.C. § 2254(e)(2)).

For the reasons set forth below, we hold that, applying the standard of review established by AEDPA to Aeid's application for a writ of habeas corpus, the state courts' decisions rejecting Aeid's claim of ineffective assistance of counsel were not an objectively unreasonable application of the teachings of the Supreme Court in *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052, where Aeid failed to demonstrate or even allege (1) that the prosecutor would have offered a different, legal plea bargain—such as 7½ to 15 years of imprisonment—if the prosecutor had been aware of the effect of the new state sentencing statute and (2) that Aeid would have accepted such a plea.

## I.

The following facts are drawn primarily from the District Court's opinion, *Aeid v. Bennett,* 178 F.Supp.2d 186 (N.D.N.Y. 2002), and are supplemented as necessary by facts set forth in the record and in the parties' briefs.

On November 17, 1995, Aeid was indicted by a grand jury on four counts charging him with sodomy in the first degree (two counts), attempted rape in the first degree, and menacing in the second degree for his conduct on October 29, 1995. Prior to trial, the prosecution and defense counsel conducted plea negotiations. The prosecutor would not permit Aeid to plead guilty to an offense less serious than first-degree

sodomy, but was willing to compromise on Aeid's sentence.

Defense counsel informed Aeid that, if convicted, Aeid faced a maximum term of imprisonment of 8⅓ to 25 years. That is, Aeid would be eligible for parole in 8⅓ years. This information was based on the fact that, under New York law at that time, the charge of first-degree sodomy, a class B felony, carried a maximum term of incarceration of 25 years, see N.Y. Penal Law § 70.02(3)(a) (McKinney 1998),[3] and on counsel's belief that, under New York law at that time, an individual convicted of such a crime must serve a minimum of one-third of the maximum (8⅓ years) before becoming eligible for parole. When counsel informed Aeid of his possible term of imprisonment if convicted, counsel was unaware of a new state sentencing statute that became effective on October 1, 1995. Under that new law, the mandatory minimum term of imprisonment to be served by an individual convicted of a violent felony was one-half the maximum sentence imposed. N.Y. Penal Law § 70.02(4) (McKinney 1998); see also ante note 2. In Aeid's case, if sentenced to the maximum term of 25 years, he would be required to serve a minimum of 12½ years before becoming eligible for parole release.

Throughout plea negotiations, the prosecutor and the trial court were also unaware of the change in the law and, like defense counsel, believed that, if Aeid were convicted at trial, he would face a maximum sentence of 8⅓ to 25 years for first-degree sodomy. Accordingly, the prosecutor offered Aeid a plea of 15 years of imprisonment with a mandatory minimum of 5 years—which was only one-third of the maximum sentence that would be imposed, rather than one-half of the maximum sentence as legally mandated by the new sentencing statute in effect at that time. Similarly, the trial court, on the record, told Aeid that he could face a sentence of 8⅓ to 25 years if convicted at trial.

Against his counsel's advice, Aeid rejected the plea. Following a jury trial, he was convicted on March 21, 1996 on all charges. By the time of sentencing, the trial court had learned that the new sentencing statute had taken effect on October 1, 1995. Accordingly, on April 11, 1996, Aeid was sentenced to a total indeterminate term of imprisonment of 24 years with a statutorily mandated minimum of 12 years (one-half of the maximum sentence imposed) for the conviction of sodomy in the first degree, each charge to run concurrently; a concurrent 7½ year term of imprisonment for rape in the first degree; and a 90–day term of imprisonment for menacing in the second degree.

Following multiple unsuccessful appeals in the state courts, Aeid applied for a writ of habeas corpus in the United States District Court for the Northern District of New York on December 2, 1999, challenging pursuant to 28 U.S.C. § 2254 the constitutionality of his state court convictions and his subsequent incarceration. Although Aeid made several claims in his application for a writ of habeas corpus, only his claim of ineffective assistance of

---

**3.** Section 70.02(3)(a) of the New York Penal Law in effect in 1996, at the time that Aeid rejected the plea offer extended to him by the prosecution, provided:

    3. Maximum term of sentence. The maximum term of an indeterminate sentence for a violent felony offense must be fixed by the court as follows:

    (a) For a class B felony, the term must be at least six years and must not exceed twenty-five years.

See N.Y. Penal Law § 70.02(3)(a) (McKinney 1998).

counsel during plea negotiations was granted by the District Court, following an evidentiary hearing on August 13, 2001 before Magistrate Judge David R. Homer and a September 26, 2001 Report–Recommendation and Order from the magistrate judge.

## II.

**A. The State Courts' Decisions Rejecting Aeid's Claim Were Not Contrary to or an Unreasonable Application of Clearly Established Federal Law**

Pursuant to AEDPA,

[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1).

In the instant case, the parties agree that Aeid's claim of ineffective assistance of counsel during plea negotiations was indeed "adjudicated on the merits" in the state courts. *See* Appellant's Br. at 21–25; Appellee's Br. at 7. Thus, the remaining question is whether that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

Because the state courts summarily rejected Aeid's ineffective assistance of counsel claim on the merits without explanation, we must focus on the ultimate decisions of those courts, rather than on the courts' reasoning. *Sellan v. Kuhlman,*

261 F.3d 303, 311–12 (2d Cir.2001) ("[W]hen a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent."). On that basis, we conclude that the state courts' decisions were neither contrary to nor an unreasonable application of the standard announced in *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for assessing claims of ineffective assistance of counsel.

■ Under *Strickland,*

[f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687, 104 S.Ct. 2052. The prosecution does not contest the finding that defense counsel's performance was deficient. *See* Appellant's Br. at 26; see also *Cullen v. United State,* 194 F.3d 401, 404 (2d Cir.1999) (finding deficient representation where defense counsel provided significantly inaccurate calculation of sentencing ranges upon a plea and upon conviction after trail); *United States v. Gordon,* 156 F.3d 376, 380 (2d Cir.1998) (finding deficient representation where defense counsel

grossly underestimated defendant's maximum sentencing exposure at 120 months conviction, when actual sentencing rance was 262 to 327 months) ("[K]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." (alteration changed from original; internal quotation marks omitted)). Rather, the prosecution alleges only that "Aeid has failed to articulate a viable theory of prejudice." *Id.* With respect to a showing of prejudice, the District Court observed that Aeid "must demonstrate a reasonable probability that but for Counsel's errors in considering or explaining a plea offer, he would have accepted the prosecution's offer [of a 5–to–15–year sentence of imprisonment]." *Aeid v. Bennett,* 178 F.Supp.2d 186, 196 (N.D.N.Y.2002).

If defense counsel had been aware that, under the new state sentencing statute, the lower limit of an indeterminate sentence must be one-half of the sentence's upper limit, rather than one-third, then counsel would have known that the maximum sentence for Aeid's offense was 12½ to 25 years and not 8⅓ to 25 years. However, if counsel had been aware of this fact and had so informed Aeid, then counsel and client also would have known that a proffered sentence of 5 to 15 years was illegal, because the lower limit of that plea offer was not one-half of the maximum sentence imposed, which would require a sentence with a minimum term of 7½ years. As the prosecution argues, if counsel had *this* knowledge—the knowledge of the correct law—he could not ethically have advanced a plea agreement requiring the imposition of a 5–to–15–year sentence. *See* N.Y. Judiciary Law, Book 29 App., Code of Prof. Resp., DR7–102(A)(2), (5) (McKinney 1998) (prohibiting attorney from "[k]nowingly advanc[ing] a claim or defense that is unwarranted under existing law" and from "[k]nowingly mak[ing] a false statement of law"); *see also* Appellant's Br. at 27.

▮ In addition, Aeid's failure to obtain the benefit of the illegal 5–to–15–year sentence does not constitute prejudice under *Strickland.* The prejudice inquiry "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (internal citations omitted). Where Aeid was not entitled to an illegal sentence of 5 to 15 years, his counsel's deficient performance did not deprive him of a benefit to which the law entitled him.

Accordingly, we agree with the prosecution that, in order to show prejudice under *Strickland,* Aeid is required to prove that, "but for his attorney's mistaken advice, Aeid and the prosecutor would have agreed on the imposition of a legal sentence [that would have been] more favorable than the 12–to–24–year sentence ultimately imposed on Aeid after trial." Appellant's Br. at 28. That is, Aeid had to prove (1) that the prosecutor would have offered him such a sentence and (2) that Aeid would have accepted that offer. *See Cullen,* 194 F.3d at 403, 404–405 (discussing prejudice requirement of Strickland, requiring habeas petitioner to show reasonable probability that he would have accepted plea bargain if he had been accurately informed of sentencing ranges he faced upon a plea and upon conviction after trial); *Gordon,* 156 F.3d at 380–81 (discussing prejudice requirement of Strickland, requiring habeas petitioner to

show reasonable probability that he would have accepted plea bargain if he had been accurately informed of his maximum sentencing exposure); *Purdy v. United States*, 208 F.3d 41, 49 (2d Cir.2000) (finding that in order to show prejudice under Strickland, defendant "must demonstrate a reasonable probability that but for [defense counsel's] deficiencies, [defendant] would have pled guilty" (citing *Cullen*, 194 F.3d at 404)).

The prosecution suggests it is likely that the prosecutor would have offered Aeid a sentence of 7½ to 15 years. *Id.* However, Aeid has never suggested this and, even more significantly, has never asserted that he would have accepted an offer of 7½ to 15 years of imprisonment. This is a critical omission in light of *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), in which the United States Supreme Court held that the defendant had failed adequately to allege prejudice where he had failed to "allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have not pleaded guilty and [would have] insisted on going to trial." *Id.* at 60, 106 S.Ct. 366. Thus, while Hill accepted a plea bargain and Aeid rejected one, both claims suffer from the same defect: failure to allege that correct advice from defense counsel would have altered the defendant's decision.

In light of this failure, we cannot say that the state courts' decisions were an objectively unreasonable application of the teachings of the Supreme Court in *Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052.

## B. The Evidentiary Hearing

The prosecution also argues that, under AEDPA, the District Court should not have conducted an evidentiary hearing where Aeid had "failed to develop the factual basis of [his] claim in State court proceedings." Appellant's Br. at 18–19 (quoting 28 U.S.C. § 2254(e)(2)). Aeid responds by claiming that the prosecution waived any argument that such a hearing was improper by failing to object, at three distinct stages, to the District Court's decision to conduct an evidentiary hearing; and, in any event, that the hearing was not improper because "where the record is underdeveloped factually through no lack of diligence on the part of the Petitioner, an evidentiary hearing is not barred." Appellee's Br. at 17.

In these circumstances, where the case may be disposed of on the merits even considering the evidence produced at the disputed evidentiary hearing, we refrain from examining the arguments concerning the propriety of the evidentiary hearing.

## III.

For the reasons stated above, we hold that, applying the standard of review established by AEDPA to Aeid's application for a writ of habeas corpus, the state courts' decisions rejecting Aeid's claim of ineffective assistance of counsel were not an objectively unreasonable application of the teachings of the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), where Aeid failed to demonstrate or even allege (1) that the prosecutor would have offered a different, legal plea bargain—such as 7½ to 15 years of imprisonment—if the prosecutor had been aware of the effect of the new state sentencing statute and (2) that Aeid would have accepted such a plea.

The judgment of the District Court is reversed.