**UNITED STATES of America,**
**Appellee,**

v.

**Dervi Olivero PENA, Defendant–**
**Appellant.**

**Docket No. 01–1185.**

United States Court of Appeals,
Second Circuit.

Feb. 6, 2003.

Martin G. Goldberg, Franklin Square, New York, for Appellant.

Peter A. Norling, Assistant United States Attorney, New York, New York (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Jo Ann M. Navickas, Assistant United States Attorney, on the brief), for Appellee.

Present: JACOBS, CALABRESI, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Dervi Olivero Pena appeals from a final judgment of conviction entered after a jury trial in the United States District Court for the Eastern District of New York (Glasser, *J.*). Pena was convicted of importing MDMA into the United States, in violation of 21 U.S.C. § 952(a), and of possessing with intent to distribute MDMA, in violation of 21 U.S.C. § 841(a)(1). Pena was sentenced to a term of imprisonment of 27 months, followed by three years of supervised release. On appeal, Pena argues that (1) the government deprived him of due process by offering a pre-trial plea that was available for only one day, and (2) his lawyer rendered ineffective assistance by failing to review the pre-trial plea offer with him on a timely basis.

(1) A criminal defendant has no enforceable rights in an unexecuted plea agreement. *See Mabry v. Johnson*, 467 U.S. 504, 507–08, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984) ("A plea bargain standing alone is without constitutional significance. . . . It is the ensuing guilty plea that implicates the Constitution."); *see also, United States v. Carbone*, 739 F.2d 45, 46 (2d Cir.1984) ("[A] defendant has no constitutional right to have an executory plea agreement specifically enforced."). Having no enforceable interest in the unexecuted plea agreement, he cannot claim that his due process rights were violated when it was left open for only one day. *Cf. United States v.*

*Pickering*, 178 F.3d 1168, 1174 (11th Cir. 1999) ("If a prosecutor wishes to offer a defendant an 'exploding' plea bargain with a short fuse, as the prosecutor did here, this decision is entirely within his or her prosecutorial discretion.").

(2) To prevail on an ineffective assistance claim, Pena must show both that his legal representation fell below an objective standard of reasonableness, and that the result of the proceeding would have been different but for counsel's failings. *United States v. Ben Zvi*, 242 F.3d 89, 96 (2d Cir.2001). Pena did not contend in the district court and has not averred on appeal that he would have accepted the original plea agreement had it been adequately explained to him. He thus makes no showing that the result of the proceeding would have been different but for trial counsel's alleged inadequacy—an omission that is fatal to Pena's ineffective assistance claim. *See Aeid v. Bennett*, 296 F.3d 58 (2d Cir.2002) (affirming state court's dismissal of defendant's ineffective assistance of counsel claim on the ground that "failure to allege that correct advice from defense counsel could have altered the defendant's decision" was a "critical omission").

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**