**Bepsy O. AGUASVIVAS–CASTILLO, Plaintiff**

v.

**UNITED STATES of America, Defendant.**

Civil No. 12–1750CCC.

United States District Court, D. Puerto Rico.

Signed Sept. 30, 2014.

Bepsy O. Aguasvivas–Castillo, Miami, FL, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Defendant.

## JUDGMENT

CARMEN CONSUELO CEREZO, District Judge.

Having considered the Motion to Vacate, Set Aside, or Correct Sentence filed by petitioner Bepsy O. Aguasvivas–Castillo on September 12, 2012 (docket entry 1), the United States' Response in Opposition filed on December 10, 2012 (docket entry 5), petitioner's Reply to the Opposition filed on January 11, 2013 (docket entry 8), and the Report and Recommendation filed by U.S. Magistrate–Judge Justo Arenas on August 21, 2014 (**docket entry 13**), which remains unopposed, said Report and Recommendation is APPROVED and ADOPTED and petitioner's 28 U.S.C.

§ 2255 Motion (**docket entry 1**) is DENIED. Accordingly, it is ORDERED and ADJUDGED that judgment be and is hereby entered DISMISSING this action, with prejudice.

No certificate of appealability shall be issued should petitioner file a notice of appeal, since he has failed to make a substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

SO ORDERED AND ADJUDGED.

## *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

### I. INTRODUCTION

Petitioner was indicted on March 14, 2007 and charged in a four count indictment with Conspiracy to Commit Food Stamp Fraud, and Laundering of Monetary Instruments. (Criminal No. 07–0111, Docket No. 2). The latter two counts of the indictment are the corresponding forfeiture allegations for the predicate criminal charges, which forfeiture allegations total $40,000,000. Thirteen other defendants were charged, some of them siblings of petitioner.

Petitioner was originally represented by attorney Humberto J. Ramirez–Ferrer who withdrew legal representation from the case on September 12, 2007. On November 14, 2007, attorney Ricardo R. Pesquera–Annexy assumed representation of petitioner. Counsel filed a barrage of discovery and evidentiary motions in preparation for trial. The jury was empaneled on

August 8, 2008 and a guilty verdict returned on Counts One and Two on August 28, 2008. (Criminal No. 07–0111, Docket No. 365). At trial, petitioner faced a fusillade of witnesses including several family members who were co-defendants, pleaded guilty, and testified against him. Petitioner also presented numerous witnesses on his behalf. At the end of the government's case, petitioner presented a motion under Fed.R.Crim.P. 29(a) for judgment as a matter of law on August 19, 2008. (Criminal No. 07–0111, Docket No. 356). Petitioner renewed the motion on August 21, 2008 after the government announced it had no rebuttal witnesses. (Criminal No. 07–0111, Docket No. 359). Prior to sentencing, petitioner filed a comprehensive sentencing memorandum. (Criminal No. 07–0111, Docket No. 403).

Attorney Anita Hill–Adames assumed representation on November 11, 2009. Attorney Rafael Anglada–Lopez assumed legal representation on December 14, 2008 and withdrew on December 7, 2009. (Criminal No. 07–0111, Docket Nos. 387, 450).

Petitioner was sentenced on March 8, 2010 to 60 months imprisonment as to Count One and 108 months imprisonment as to Count Two, to be served concurrently. (Criminal No. 07–0111, Docket No. 458). A forfeiture in the amount of $20,000,000 was also decreed. The government had sought a term of imprisonment of 188 months. Attorney Pesquera–Annexy argued extensively for a downward departure and time served at that time. Petitioner professed his innocence in the strongest terms, and pointing the blame on his brothers. (Criminal No. 07–0111, Docket No. 488 at 18 (Sent. Hearing)).

The court noted a sentencing range of 151 to 188 months, and took into account the sentencing factors in 18 U.S.C. § 3553(a) in sentencing petitioner outside the guideline range. (Criminal No. 07–0111, Docket No. 488 at 25–26 (Sent. Hearing)).

Counsel Pesquera–Annexy withdrew representation on May 26, 2010, noting that counsel Hill–Adames had assumed legal representation of petitioner.

Petitioner appealed his conviction and sentence on March 17, 2010. (Criminal No. 07–0111, Docket No. 459). Counsel Hill–Adames continued the legal representation through the appeal.

On January 17, 2012, the judgment of conviction was affirmed. *United States v. Aguasvivas–Castillo*, 668 F.3d 7 (1st Cir. 2012). The court noted that petitioner appealed his sentence and not his conviction. *Id.* at 9. Because only sentencing and forfeiture issues were presented on appeal, the court focused on those issues and determined two four-level enhancements at sentencing were applicable under the circumstances and that the forfeiture did not violate the Excessive Fines Clause of the Eighth Amendment. *Id.* at 13–17.

## II. MOTION UNDER 28 U.S.C. § 2255

This matter is before the court on petitioner *pro se* Bepsy O. Aguasvivas–Castillo's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on September 12, 2012. (Docket No. 1.) Petitioner argues that he received ineffective assistance of counsel because of counsel's failure to properly advise him of the consequences of rejecting a plea agreement of "5 years, 3 years and 18 months in violation of recent Supreme Court case law." (Docket No. 1 at 4). He further argues that counsel rendered ineffective assistance in violation of the Sixth Amendment by advising the defendant to face trial knowing that if found guilty, he would face a harsher punishment than previously offered by the government. Petitioner

cites *Missouri v. Frye,* 566 U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) in support of this proposition. Finally, petitioner argues that he received ineffective assistance of counsel at the plea bargaining stages and trial in violation of the same decisions.

In response to the section 2255 motion filed on December 10, 2012, the government submits as an initial matter that petitioner's arguments are conclusory, and deemed waived without any further attempt to develop the argument from the well developed record. (Docket No. 5 at 2). It further argues that the holdings of the two Supreme Court decisions are inapplicable to this case. The government proceeds through the procedural history of the case, as well as the changes in legal representation. It notes that the first plea offer was made through petitioner's first attorney, counsel Ramirez–Ferrer. That was made on May 15, 2007. Then counsel Pesquera–Annexy entered the picture and attempted to enter into plea negotiations with the government, keeping petitioner appraised of those attempts. Reference is made in accompanying documentation that the government initially made a plea offer of 18 months. A counteroffer was made on February 25, 2008, as per instructions of petitioner. (Docket No. 5–1 at 8). Petitioner insisted on his claim of innocence and proposed no prison time, but rather an alternative of house arrest and a $100,000 forfeiture. The government's position is that the counteroffer operated as a nullification of the 18–month offer. In any event, the counteroffer was rejected on March 6, 2008 and another offer was made of 37 months imprisonment and a forfeiture of $2,000,000. No mention is made by the government of the timeliness or lack thereof of the counteroffer. Defense counsel then sought an extension of time to attempt to reach agreement. (Docket No.

5–1 at 11). No agreement was ever reached.

After trial commenced, an offer of 60 months imprisonment was made, as well as a forfeiture in the amount of $1,775,977.03. (Docket No. 5–1 at 12). This offer was rejected. After conviction and before, petitioner made claims of innocence. Nowhere in the record does it appear otherwise, notwithstanding plea negotiations.

The government goes on to distinguish *Missouri v. Frye,* 566 U.S. ——, 132 S.Ct. 1399 and *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. 1376, the cases relied on by petitioner. It also notes that due to counsel's representation, petitioner was sentenced below the advisory guidelines range. (Docket No. 5 at 9).

■ On January 11, 2013, petitioner filed a reply to the response. (Docket No. 8). He notes that counsel gave "advice to petitioner to reject the plea because, even if found guilty by a jury, petitioner would receive the same sentence". (Docket No. 8 at 1). He makes note of a letter to the prosecution from his attorney Pesquera–Annexy referring to the 18 month offer which had already expired, accusing counsel of simply wanting to collect the $50,000 he would be paid if the case went to trial. (Docket No. 8 at 3, n. 2). Petitioner stresses that the proper remedy would be for the government to extend the same offer of 18 months. Petitioner reviews the offers made to him, that is, 18 months, then 37 months, and then 60 months, and concludes that his constitutional injury results in a 108–month sentence and a $20,000,000. (Docket No. 8 at 5, n. 3). A sworn statement dated January 6, 2013 is included as an exhibit but is not translated into the English language and is therefore not considered. *See Baez Cruz v. Municipality of Dorado,* 780 F.Supp.2d 152, 153 (D.P.R.2011).

■ As petitioner *pro se* points out, his pleadings are considered more liberally, however inartfully pleaded, than those penned and filed by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Campuzano v. United States,* 976 F.Supp.2d 89, 97 (D.P.R.2013); *Proverb v. O'Mara,* 2009 WL 368617 at *1 (D.N.H. Feb. 13, 2009). That is, the court should review his pleading under a lesser standard. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Notwithstanding such license, petitioner's *pro se* status does not excuse him from complying with both procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997); *Boudreau v. Englander,* 2009 WL 2602361 at *1 (D.N.H. Aug. 24, 2009). The first pleading is clearly inartful. The second pleading is more studied but invites the same consideration.

Having considered the arguments of the parties and for the reasons set forth below, I reject petitioner's argument and recommend that petitioner Aguasvivas–Castillo's motion to vacate, set aside, or correct sentence be DENIED.

### III. DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998).

■ It is well settled that the Sixth Amendment right to counsel guarantees effective counsel. *See Strickland v. Washington,* 466 U.S. 668, 686–87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Ortiz,* 146 F.3d 25, 27 (1st Cir.1998). Nevertheless, petitioner bears a "very heavy burden" in his attempt to have his sentence vacated premised on an ineffective assistance of counsel claim. *See Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996); *Lema v. United States,* 987 F.2d 48, 51 (1st Cir.1993). This is particularly true in this circuit where a lawyer's performance is deficient under *Strickland* "... only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." *United States v. Rodriguez,* 675 F.3d 48, 56 (1st Cir.2012), quoting *Tevlin v. Spencer,* 621 F.3d 59, 66 (1st Cir.2010), which in turn quotes *Knight v. Spencer,* 447 F.3d 6, 15 (1st Cir.2006).

■ The United States Supreme Court has developed a two-pronged test to determine whether a criminal defendant was denied his constitutionally guaranteed effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052. Pursuant to the test established in *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, petitioner Aguasvivas–Castillo must first establish that his counsel Pesquera–Annexy and/or other legal representatives in the criminal proceedings was/were deficient in that the quality of legal representation fell below an objective standard of reasonableness. *See id.* at 688, 104 S.Ct. 2052; *Rosenthal v. O'Brien,* 713 F.3d 676, 685 (1st Cir.2013). In order to satisfy the first-prong of the aforementioned test, petitioner "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.'" *Tejeda v. Dubois,* 142 F.3d 18, 22 (1st Cir.1998) (citing *Strickland v. Washington,*

466 U.S. at 690, 104 S.Ct. 2052). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d 20, 23 (1st Cir.1996) (citing *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." *Argencourt v. United States,* 78 F.3d at 16 (citing, *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052); *see also Burger v. Kemp,* 483 U.S. 776, 789, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

■ The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' " *Argencourt v. United States,* 78 F.3d at 16 (citing *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052). Thus, petitioner must affirmatively "prove that there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would have been different." *Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994) (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052). That is, if petitioner succeeds in showing deficiencies in his legal representation, then he must conclusively establish that said deficiencies operated a real prejudice against him in the criminal proceedings. *See id.* at 694, 104 S.Ct. 2052.

■ "[T]he 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.' " *Sleeper v. Spencer,* 510 F.3d 32, 38 (1st Cir.2007) (quoting *Yarborough v. Gentry,* 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)). As to the two-part test

for constitutionally ineffective assistance of counsel set forth in *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, petitioner bears the burden of proof for both elements of the test. *See Cirilo–Muñoz v. United States,* 404 F.3d 527, 530 (1st Cir.2005) (citing *Scarpa v. Dubois,* 38 F.3d 1, 8–9 (1st Cir. 1994)). There is no doubt that *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, also applies to representation outside of the trial setting, which would include sentence and appeal. *See Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Bonneau v. United States,* 961 F.2d 17, 20–22 (1st Cir.1992); *United States v. Tajeddini,* 945 F.2d 458, 468–69 (1st Cir.1991), *abrogated on other grounds by Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). *A fortiori,* as repeatedly stressed by petitioner, the right to effective assistance of counsel applies to the plea bargaining process. *See Missouri v. Frye,* 566 U.S. ——, 132 S.Ct. at 1406–1407.

Assuming that counsel's representation fell below an objective standard of reasonableness, petitioner would still have to prove that this resulted in prejudice to his case. *See Owens v. United States,* 483 F.3d 48, 63 (1st Cir.2007) (quoting *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. 2052). For our purposes, it makes no difference in which order the test of *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, is applied. *See Turner v. United States,* 699 F.3d 578, 584 (1st Cir.2012).

■ Within a habeas corpus case the decision to order an evidentiary hearing is left up to the discretion of the court. A court may deny an evidentiary hearing when "(1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations 'need not be accepted as true because they state conclusions instead of facts, contradict the rec-

ord, or are 'inherently incredible.'" *David v. United States,* 134 F.3d at 477 (quoting *United States v. McGill,* 11 F.3d 223, 225–26 (1st Cir.1993)); *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir. 1984).

 Finally, collateral attack on non-constitutional and nonjurisdictional "claims are properly brought under section 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Knight v. United States,* 37 F.3d at 772, quoting *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468.

## IV. ANALYSIS

Petitioner's allegation in his reply brief that his attorney told him that he would receive the same sentence after trial as offered by the government is simply and completely not credible. Petitioner states that counsel gave "advice to petitioner to reject the plea because, even if found guilty by a jury, petitioner would receive the same sentence". (Docket No. 8 at 1). In the original motion petitioner states that counsel advised him to face trial knowing that if found guilty, petitioner would face a harsher punishment than that offered by the government. (Docket No. 1 at 4). But further, petitioner noted that he was innocent and proceeded to trial notwithstanding the advice of counsel, possibly beginning with his first attorney who received the first plea offer which would have been 18 months. (Docket No. 5 at 8, n. 3). The contemporaneous letters between the defense and prosecution reflect a variation of the version provided by petitioner. Petitioner insisted on his innocence and submitted a counterproposal which rejected any jail time. Indeed, after conviction and months prior to sentence,

he insisted on his innocence. (Docket No. 5–1 at 14). On October 10, 2008, petitioner, at an interview with a U.S. Probation Officer and in front of attorney Pesquera–Annexy, indicated that he was innocent of the charges. The correspondence refers to petitioner's being aware of the risks of going to trial. (In this case, that risk included having four family members set to testify against him). The plea offers increased in months as trial preparation continued and trial commenced. It is almost hornbook law that when a defendant rejects a plea offer, he not only has no right to the rejected proposed sentence but also runs the risk of receiving a harsher sentence after trial. His argument that his attorney said the result would be the same after trial makes no sense under the circumstances where the government's offers understandably increased as government resources were expended.

After being convicted, and upon receipt of the pre-sentence investigation report, petitioner objected to the upward adjustments to the Sentencing Guidelines. Petitioner claimed that the laundered funds were not more than $334,493. *United States v. Aguasvivas–Castillo,* 2010 WL 883719 at *1 (D.P.R. March 5, 2010). This again is at loggerheads with his claims of innocence. That petitioner did not know of his exposure if he proceeded to trial flies in the face of the exchanged correspondence and common sense but also because the U.S. magistrate judges in this district always inform defendants of the terms of imprisonment they are exposed to at their initial appearance. *See Catalan–Roman v. United States,* 2013 WL 6229385 at *7 (D.P.R. December 2, 2013).

 Petitioner relies on two much cited cases to show that his attorney's conduct fell below the standard of effective assistance related to plea bargaining, *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct.

1376, and *Missouri v. Frye*, 566 U.S. ——, 132 S.Ct. 1399. In *Missouri v. Frye*, 132 S.Ct. at 1408, the Supreme Court held that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. If such a formal offer was not communicated to a defendant, and the offer thus lapsed, then "... defense counsel did not render the effective assistance that the Constitution requires." *Id.;* see *Lafler v. Cooper*, 566 U.S. ——, 132 S.Ct. at 1390–91; *Rodriguez–Rodriguez v. United States*, 2013 WL 3381259 at \*2 (D.P.R. July 8, 2013). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. ——, 132 S.Ct. at 1409. The defendants must also demonstrate "... a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it ..." *Id.; Catalan–Roman v. United States*, 2013 WL 6229385 at \*6. In *Lafler v. Cooper*, 566 U.S. ——, 132 S.Ct. 1376, the issue is slightly different in that the favorable plea offer was rejected upon advice of counsel, and what followed was not a less favorable guilty plea but a full trial. *Id.* at 1383. In this case, petitioner was clearly aware of the offers at some point after they were made (notwithstanding defense counsel Pesquera–Annexy's busy schedule) and had sufficient time to contemplate them, including sufficient time to reject the most favorable one, supposedly on the theory that defense counsel Pesquera–Annexy simply wanted to collect $50,000 which would be paid to him if the case proceeded to trial. (Docket No. 3 at 8, n. 2). But

that theory is invalid when it comes to the first and most favorable offer made in May 2007 via his initial attorney, Humberto J. Ramirez–Ferrer, while attorney Pesquera–Annexy did not appear on the scene until November 2007. And that offer appears to have been discussed with both defense attorneys. (Docket No. 5 at 8, n. 3).

 Petitioner's primary thrust is to the point. He squarely blames counsel Pesquera–Annexy for advising him to proceed to trial notwithstanding the (generous) initial plea offer, an offer he is now willing to accept. To prove prejudice, petitioner must establish that there is a reasonable probability that, but for counsel's advise, he would have pleaded guilty and would not have insisted on going to trial. *Campuzano v. United States*, 976 F.Supp.2d at 115, citing *Lafler v. Cooper*, 566 U.S. ——, 132 S.Ct. at 1385. But the evidence is consistent that petitioner always professed his innocence, and it is also pellucidly clear that petitioner wanted the best deal and did not want to be imprisoned. *Cf. United States v. Miranda*, 50 F.Supp.3d 85, 95–96, 2014 WL 4063309 at \*9 (D.P.R. August 14, 2014). Furthermore, considering the information contained in the Pre–Sentence Report, and as related in the opinion of the court of appeals, there is no assurance that the district court would have accepted such a munificent plea agreement for the leader of the criminal enterprise. *Lafler v. Cooper*, 566 U.S. ——, 132 S.Ct. at 1385; see *United States v. Aguasvivas–Castillo*, 668 F.3d at 11–13. And certainly it makes complete sense that a defendant convinced of his own innocence, as he claimed at sentencing and before and after, would refuse to plead guilty, be optimistic of his chances of acquittal, and drive a hard bargain with the prosecution before pleading guilty. *See e.g. Burt v. Titlow*, —— U.S. ——, 134 S.Ct. 10, 17, 187 L.Ed.2d 348

(2013); *cf. Garcia v. United States*, 2006 WL 2009090 at *7 (E.D.N.Y. July 17, 2006); *also see Osley v. United States*, 751 F.3d 1214, 1224–25 (11th Cir.2014); *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir.2005). The ultimate decision whether to proceed to trial or to plead guilty (being innocent) belonged to petitioner. *See e.g. Vega–Colon v. United States*, 463 F.Supp.2d 146, 154 (D.P.R. 2006); *cf. Campuzano v. United States*, 976 F.Supp.2d at 116. And a lawyer must take care not to coerce a client into either accepting or rejecting a plea offer. *United States v. Pitcher*, 559 F.3d 120, 125 (2d Cir.2009), citing *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir.2000); *United States v. Suri*, 2014 WL 3928605 at *5 (S.D.N.Y. August 11, 2014), more so if the client does not waiver in his protestations of innocence. And without belaboring the point, it appears to be consistent with effective assistance of counsel to proceed to trial with a client that is adamant in his assertions of innocence, even while attempting to secure an agreement involving no prison term, with the procedural challenges such an agreement would present for a defendant with a one-dimensional focal lens. *See North Carolina v. Alford*, 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

## V. CONCLUSION

I find that petitioner has failed to establish that his counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. at 686–87, 104 S.Ct. 2052; *United States v. Downs–Moses*, 329 F.3d 253, 265 (1st Cir.2003). And to show prejudice, petitioner has to demonstrate that "the outcome of the plea process would have been different with competent advice." *United States v. Nunez–Polanco*, 20 F.Supp.3d 473, 479, 2014 WL 2111674 at *4 (S.D.N.Y. May 20, 2014), quoting *Lafler*

*v. Cooper*, 132 S.Ct. at 1384. The record reflects only and simply that petitioner, a previously licensed medical doctor in the Dominican Republic, excellent family provider, and formerly able businessman, (who headed a group of three supermarkets which at a minimum conducted fraudulent food stamp transactions totaling $4,440,744.29) was holding out for no prison time. *See United States v. Aguasvivas–Castillo*, 668 F.3d at 12. He did not question his guilt on appeal, nor does he insist on his innocence now. Nevertheless, at all relevant times, petitioner insisted he was innocent, and while not determinative, a defendant's insistence upon his innocence is relevant to an evaluation of prejudice. *See Bicaksiz v. United States*, 234 F.Supp.2d 202, 204–05 (E.D.N.Y.2002); *cf. Mask v. McGinnis*, 233 F.3d 132, 142 (2d Cir.2000). Under the circumstances, it is impossible to find that any claimed error has produced " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States*, 37 F.3d at 772 (quoting *Hill v. United States*, 368 U.S. at 428, 82 S.Ct. 468).

Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Furthermore, I recommend that no certificate of appealability issue should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lassalle–Velazquez v. United States*, 948 F.Supp.2d 188, 193 (D.P.R.2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Sch. Union No. 37 v. United Nat'l Ins. Co.*, 617 F.3d 554, 564 (1st Cir.2010); *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Wallace v. State of New Hampshire*, 2010 WL 520904 at *2 (D.N.H. Feb. 9, 2010).

In San Juan Puerto Rico this 21st day of August, 2014.